IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLARENCE R. KEMP, § | |
| TDCJ-CID NO.1068074, § | |
| § | |
| Petitioner, § | |
| v. § | CIVIL ACTION H-06-1467 |
| § | |
| DOUGLAS DRETKE, § | |
| § | |
| Respondent. § | |

OPINION ON DISMISSAL

Petitioner Clarence R. Kemp, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2001 state court felony convictions. The Court will dismiss the petition because it is barred by the governing statute of limitations.

I. PROCEDURAL HISTORY

On October 18, 2001, upon a plea of guilty, petitioner was convicted of three counts of aggravated robbery in cause numbers 88490, 884632, and 884633 in the 262nd Criminal District Court of Harris County, Texas, and sentenced to twenty-five years confinement in TDCJ-CID on each count, to run concurrently. Petitioner did not file a motion for new trial or a notice of appeal from his conviction. (Docket Entry No.1). Thus, under Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure, petitioner's's conviction became final for purposes of federal habeas corpus review thirty days after the day his sentence was imposed, on or about November 18, 2001. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner filed a state application for a writ of habeas corpus in the 262nd Criminal District Court on November 28, 2005, and on December 8, 2005, which the Texas Court of Criminal Appeals

denied on June 22, 2006. (Docket Entry No.1). Petitioner filed the pending federal petition for a writ of habeas corpus on April 6, 2006.[1] (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks relief on the ground that his sentence was illegal and his plea involuntary. (Docket Entry No.1).

II.     ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The district clerk actually recorded the petition as filed on April 17, 2006, but petitioner indicates that he mailed the petition on April 6, 2006. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on November 18, 2001, the last day petitioner could have filed a notice of appeal in state court. That date triggered the one-year limitations period which expired on November 18, 2002.

Petitioner filed the pending petition on April 6, 2006, years after the 2002 deadline. Petitioner's state habeas applications were also filed after the 2002 deadline; therefore, the tolling provisions found in § 2244(d)(2) do not apply to this application. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

On May 23, 2006, the Court ordered petitioner to file a written statement within twenty days of entry of the Order addressing the limitations bar and equitable tolling, if applicable. (Docket Entry No.7). Petitioner has not responded to the Order. Because petitioner has not addressed the

limitations bar or equitable tolling in any of his pleadings, he has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211

F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in this Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore a certificate of appealability from this decision will not issue.

IV.   CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

Signed at Houston, Texas, on July 27, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

5